UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMI M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-0413-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] She has a two-year college degree and previously worked as a special education assistant, preschool assistant, and customer service representative.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

(AR 71-73.)

Plaintiff applied for DIB in October 2016. (AR 214-15.) That application was denied and Plaintiff timely requested a hearing. (AR 143-39, 151-59.)

In September and December 2018, ALJ Larry Kennedy held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR 44-103.) On February 11, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 9, 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked since the alleged onset date, but this work did not rise to the level of substantial gainful activity. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's cervical and lumbar spine impairment, headaches, occipital neuralgia, history of traumatic brain injury, neurocognitive disorder, post-concussion syndrome, cognitive communication deficit, obesity, major depressive disorder, and adjustment disorder with anxiety v. anxiety disorder. (AR 18-21.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21-24.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she can frequently reach. She can occasionally climb ramps or stairs, balance, stoop, kneel, and crouch. She cannot climb ladders, ropes, or scaffolds, and cannot crawl. She must avoid concentrated exposure to vibration, hazards, and heights. She can perform simple, routine tasks. She can follow short, simple instructions, and do work that needs little or no judgment. She can perform simple duties that can be learned on the job in a short period. She requires a work environment that is predictable and with few work setting changes. She cannot deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process (but incidental contact of a superficial nature with the general public is not precluded). (AR 24.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 35-36.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as cleaner/housekeeper, marker, production assembler, escort vehicle driver, document preparer, and circuit board assembler. (AR 36-37.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding at step two that fibromyalgia was not medically determinable, (2) assessing certain medical evidence and opinions, and (3) assessing Plaintiff's RFC. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Fibromyalgia

At step two, a claimant must make a threshold showing her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28).

However, before considering severity, there must be a determination a medically determinable impairment exists. 20 C.F.R. § 404.1521. That determination requires objective medical evidence from an acceptable medical source. *Id.*; SSR 16-3p. Neither a statement of symptoms, a diagnosis, nor a medical opinion suffices to establish the existence of a medically determinable impairment. 20 C.F.R. § 404.1521. Pain or other symptoms will not be found to affect the ability to perform basic work activities unless medical signs or laboratory findings show the presence of a medically determinable impairment. 20 C.F.R. § 404.1529(b). "Medical signs

and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id*.

In this case, the ALJ acknowledged that the medical record included references to Plaintiff's fibromyalgia, but the ALJ found that this condition was not medically determinable because (1) no acceptable medical source diagnosed fibromyalgia, and (2) neither set of the diagnostic criteria set forth in Social Security Ruling (SSR) 12-p is satisfied (no tender-point testing was performed, Plaintiff does not have repeated manifestations of fibromyalgia symptoms, and there is no evidence that other conditions were considered and excluded). (AR 20.)

Plaintiff contends that the ALJ erred in finding her fibromyalgia to be not medically determinable. She contends that the ALJ erroneously found that the condition had not been diagnosed by an acceptable medical source, when the record shows that an ARNP's initial diagnosis was later confirmed by a physician. Dkt. 13 at 3-4 (citing AR 1175). A physician indeed listed fibromyalgia in Plaintiff's history, but did not indicate that any testing was performed or that any other conditions were ruled out. (AR 1175.) Exclusion of other conditions is a criterion in both of the diagnostic schemes mentioned in SSR 12-2p, as noted by the ALJ. (AR 20.) Under these circumstances, the ALJ did not err in finding that the medical record failed to establish the existence of fibromyalgia applying either set of diagnostic criteria set forth in SSR 12-2p. *See Ford v. Saul*, 950 F.3d 1141, 1155 n.7 (9th Cir. 2020).

<u>Medical opinion evidence</u>

Plaintiff argues that the ALJ erred in discounting opinions provided by her treating nurse, Katherine McKenzie, ARNP; and examining psychologist Kenneth Hapke, Ph.D. Each disputed

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

opinion will be addressed in turn.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Ms. McKenzie

In October 2018, Plaintiff's treating nurse Ms. McKenzie wrote a letter describing Plaintiff's treatment and limitations, ultimately concluding that Plaintiff was "impair[ed in] her ability to be gainfully employed in part time or full time work at this time." (AR 1095.)

The ALJ summarized Ms. McKenzie's opinion and her treatment notes, and explained that he discounted the opinion as inconsistent with the record. (AR 33.) The ALJ found Ms. McKenzie's opinion to be inconsistent with her contemporaneous treatment notes, which showed normal mental findings and "essentially no noted physical examination findings during [the] visit." (AR 33 (citing AR 1097-1102).) The ALJ also found that the opinion was inconsistent with the more recent treatment notes as well. (AR 33 (citing AR 1172-1294).)

According to Plaintiff, the ALJ erred in finding that Ms. McKenzie's opinion was

---

[2] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

inconsistent with her contemporaneous examination findings, because the normal mental findings identified were not relevant to Ms. McKenzie's opinion, and even if there were no physical examination findings noted at that one appointment, the opinion was informed by Ms. McKenzie's longitudinal treatment relationship. Dkt. 13 at 7. The Commissioner does not dispute that the normal mental findings were not relevant to an assessment of the limitations identified by Ms. McKenzie (Dkt. 18 at 11 n.3), but argues that the many normal physical findings throughout the record nonetheless support the ALJ's interpretation of the record. (*See* AR 27-32 (ALJ's summary of the medical findings, both normal and abnormal).)

Although Plaintiff accuses the ALJ of cherry-picking normal findings, she has not shown that the ALJ ignored the context of the record or ignored abnormal findings. Dkt. 13 at 7-10. Plaintiff points to her own reported symptoms as evidence that corroborates Ms. McKenzie's opinion (Dkt. 13 at 9), but the ALJ discounted Plaintiff's self-report (AR 25-32) and Plaintiff did not challenge these findings. Because the record contains substantial evidence that is inconsistent with Ms. McKenzie's opinion, the ALJ's discounting of Ms. McKenzie's opinion on this basis is reasonable.[3] *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

Dr. Hapke

---

[3] Plaintiff cursorily suggests that the ALJ should have further developed the record (Dkt. 13 at 9-10), but has not shown that the record as presently constituted is either ambiguous or insufficient, and thus has not established that the ALJ's duty was triggered. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence").

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

Dr. Hapke examined Plaintiff in March 2017 and wrote a narrative report describing her psychological symptoms and limitations. (AR 727-30.) Dr. Hapke's medical source statement reads as follows, in relevant part:

> Based upon my clinical interview and observation, it is my professional opinion that at the present time, the claimant's ability to engage in substantial and gainful employment is significantly compromised by her symptoms of Neurocognitive Disorder and anxiety. More significantly, the claimant's health is compromised by a range of physical injuries diagnosed as Post-Concussive Syndrome and enumerated above. She has become increasingly dependent on the assistance of others for completion of everyday tasks. The claimant is sad, anxious, forgetful, lethargic, and tearful. It was observed that her tolerance for stress was limited. Her ability to sustain concentration is limited as evidenced by serial sevens and serial threes; further, she was unable to correctly spell [a] five letter word in reverse order. Her memory is impaired as evidenced by the fact that after two minutes, she was only able to remember 2/3 words and unable to immediately restate a series of five numbers in correct order. In recent months, she has become avoidant she prefers to be home alone or with her son. It appears she would have difficulty performing tasks normally required in work situations, including: complying with instructions, working independently, following a regular schedule, and interacting appropriately with colleagues and members of the public.

(AR 729-30.)

The ALJ summarized Dr. Hapke's findings and explained that he gave them "little to no weight" because (1) Dr. Hapke's opinion was vague to the extent that he did not explain the degree to which Plaintiff was limited; and (2) the deficits noted by Dr. Hapke were inconsistent with the record, which contained many normal findings as to judgment, insight, attention, and memory. (AR 32-33.)

Plaintiff argues that both of the ALJ's reasons for discounting Dr. Hapke's opinion are erroneous. First, Plaintiff argues that the ALJ erred in finding Dr. Hapke's opinion to be insufficiently specific because he explicitly found Plaintiff's ability to work to be "significantly compromised" by her symptoms, so he must have believed her deficits to be disabling. Dkt. 13 at

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

10-11.  But any opinion as to whether Plaintiff can work touches on an issue reserved to the Commissioner, and the ALJ did not err in focusing on the particular limitations identified in Dr. Hapke's report, which he described as "limited" or as "difficulties" in certain areas, without quantifying the degree of limitation or difficulty.  (AR 729-30.)  Under these circumstances, the ALJ did not err in finding that the limitations identified by Dr. Hapke were not specifically quantified, or in discounting Dr. Hapke's opinion on this basis.  *See Ford*, 950 F.3d at 1156 ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

Furthermore, the ALJ also reasonably found Dr. Hapke's opinion to be inconsistent with objective evidence in the longitudinal record.  (AR 33 (citing AR 1172-1294).)   The exhibit cited by the ALJ contains many normal findings that contradict Dr. Hapke's conclusions.  (*See, e.g.*, AR 1183 (Plaintiff has "[n]o cognitive concerns or impairment in judgment or insight"), 1194 (same), 1205 (same), 1209 (normal judgment, thought content, behavior, mood, affect), 1215 (normal affect, mood, behavior, and judgment), 1223 (intact insight, judgment, and cognitive faculties), 1231 (describing Plaintiff with good judgment and insight, "[a]ttentive to conversation" and "[m]emory intact to recent and remote events"), 1236 (Plaintiff presenting with "normal spe[e]ch and though[t] patterns and good judgment"), 1248 (normal mood, affect, behavior, judgment and thought content), 1266 (normal judgment/insight, mood/affect, and orientation).

The exhibit cited by the ALJ also includes references to Plaintiff's mental limitations (*e.g.* AR 1189, 1222, 1254), but these records only record Plaintiff's self-reporting.  The exhibit also contains one memory assessment that suggested a need for a short course of cognitive skills

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

therapy, and Plaintiff's skills improved with treatment. (*See* AR 1278-92.) Considering the contents of the exhibit cited by the ALJ, the ALJ reasonably found that objective evidence in the record was inconsistent with Dr. Hapke's conclusions and did not err in discounting his opinion on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

Because the ALJ provided specific, legitimate reasons to discount Dr. Hapke's opinion, the Court affirms the ALJ's assessment of this evidence.

RFC

RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." 20 C.F.R. §§ 416.927(d)(2), 416.946(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

Plaintiff argues that the ALJ erred in assessing her RFC because the record contains evidence that would support additional limitations. Dkt. 13 at 13-14. Plaintiff's brief summarizes medical evidence that Plaintiff contends shows that she was more limited than the ALJ found. Dkt. 13 at 13-16. Plaintiff also argues that the ALJ erred in relying on the State agency medical consultants in crafting the RFC assessment, rather than on the opinions of treating or examining providers or on her own subjective testimony. Dkt. 13 at 16-17. Finally, Plaintiff argues that the ALJ erred in accounting for limitations caused by her fibromyalgia. Dkt. 13 at 17-18.

Plaintiff has failed to raise a persuasive challenge to the ALJ's RFC assessment. Drawing a different conclusion from a summary of the same evidence discussed by the ALJ does not establish error in the ALJ's decision. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Furthermore, pointing to opinion evidence or her own testimony (which were discounted by the ALJ for proper or unchallenged reasons) does not bolster Plaintiff's argument, because the ALJ need not account for limitations mentioned in properly discounted evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Lastly, as discussed *supra*, the ALJ did not err in finding that Plaintiff's fibromyalgia was not medically determinable, and thus the ALJ did not err in failing to account for limitations caused by that condition in the RFC assessment. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

For all of these reasons, the Court finds that Plaintiff has failed to meet her burden to show error in the ALJ's RFC assessment.

### CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 27th day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge